# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHA M. CARTER,<br><br>              Plaintiff,<br><br>       v.<br><br>S. BUTLER, et.al.,<br><br>              Defendant. | CASE NO. 1:05-CV-1057-OWW DLB-P<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND<br><br>(Doc. 1) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 18, 2005.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467

1

U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The events at issue in the instant action allegedly occurred at Corcoran State Prison. Plaintiff names Correctional Officers S. Butler, J. Gonzales, Hayward, R. Hernandez, and Botello; Sergeant Furlrodt and Lieutenant S. Rousseau as defendants. Plaintiff alleges that on January 13, 2004, defendant Butler sprayed him with pepper spray, without provocation, for approximately one minute. Plaintiff alleges defendant Butler then filed a false rules violation report against him. Plaintiff claims that defendant Furlrodt failed to come to the unit to investigate the incident and instead went along with the false report.

Plaintiff alleges that on January 14, 2004, defendants Gonzales and Hayward refused to feed him his evening meal and on January 15, 2006, defendants Hernandez and Botello refused to feed him his morning meal. Plaintiff characterizes this conduct as "retaliation." Plaintiff alleges that defendant Rousseau denied witnesses at his rules violation hearing and falsified statements. Plaintiff characterizes the hearing as "rigged." Plaintiff seeks monetary damages.

Excessive Force

Plaintiff's allegations against defendant Butler fail to state a claim for excessive force. The use of excessive force by a prison official violates the eighth amendment. Hudson v. McMillian, 503 U.S. 1, 112 S.Ct. 995 (1992). Determining whether there has been an eighth amendment violation turns upon " 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' " See id. at 6 (*quoting* Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078 (1986)).

To prevail on an excessive force claim, an inmate must show the official applied force "maliciously and sadistically" for the purpose of inflicting pain, rather than in a "good faith effort to maintain or restore discipline." Id. at 4-5, 7, 112 S.Ct. at 999. Such factors as the need for the

application of the force, the relationship between the need for the application of force and the amount of force used, and the extent of injury inflicted are relevant to the ultimate determination. <u>Whitley v. Albers</u>, 475 U.S. 312, 319, 106 S.Ct. 1078 (1986). An inmate, however, does not need to have suffered an injury to establish an Eighth Amendment violation. <u>Hudson</u>, 503 U.S. at 7.

Here, it is unclear from plaintiff's allegations what led to the use of force and under what circumstances it was applied. While plaintiff alleges defendant used the pepper spray "without provocation", he does not provide any detail about the incident. Consequently, the court will dismiss the claim and grant plaintiff leave to amend, keeping the applicable standard in mind.

<u>Retaliation</u>

Plaintiff alleges that defendants Gonzalez and Hayward refused to give him his evening meal and defendants Hernandez and Botello refused to provide him his morning meal. Plaintiff characterizes this conduct as "retaliation." However, plaintiff fails to allege why he believes the retaliatory action was taken. An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under Section 1983. <u>Bruce v. Ylst</u>, 351 F.3d 1283, 1288 (9th Cir. 2003. "Within the prison context, a viable claim of First Amendment retaliation entails five elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567 (9th Cir.2005) (*citations omitted*).

Because plaintiff has failed to describe any protected conduct for which the retaliation was allegedly taken, the court will also dismiss this claim and grant plaintiff leave to amend.

To the extent plaintiff claims that defendants' conduct violated the Eighth Amendment, he is advised of the following standard:

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. <u>Id.</u>; <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1246

(9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, (9th Cir. 1998) (citing Farmer v. Brennan, 511 U.S. 825, 835 (1994).  The deliberate indifference standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive risk to inmate health or safety." Id. at 837.  Thus, "a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. at 835.

Due Process

Plaintiff's allegations regarding the submission of false reports against him also fail to state a cognizable claim for relief.  A prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. *Freeman v. Rideout,* 808 F.2d 949, 951 (2d Cir. 1986), *cert. denied,* 485 U.S. 982 (1988).  As long as an inmate is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under 42 U.S.C. § 1983. *Hanrahan v. Lane,* 747 F.2d 1137, 1140-41 (7th Cir. 1984).

As to plaintiff's allegation that his disciplinary hearing was "rigged," plaintiff's complaint does not provide enough information to enable the court to determine whether he states a cognizable claim for relief.  He fails to indicate the result of the hearing, what his punishment was for the alleged offense and whether the disciplinary violation has been invalidated.  Plaintiff must demonstrate the existence of a liberty interest entitling him to procedural due process protections, in order to state a cognizable claim for relief for violation of the Due Process Clause.  The law has not recognized that inmates necessarily have a liberty interest in remaining free from segregation or solitary confinement.  See May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily

contemplated by a sentence) (quotations omitted); Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the SHU was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the SHU) (quotations omitted).

Further, if "success in a . . . [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." Muhammad v. Close, 124 S.Ct. 1303, 1304 (2004) (citing to Heck v. Humphrey, 512 U.S. 477 (1994)); Edwards v. Balisok, 520 U.S. 641, 648 (1997) (applying Heck to a prison disciplinary hearing where good-time credits were affected). If the punishment imposed at the disciplinary hearing affects the duration of plaintiff's sentence, plaintiff's due process claim is barred until such time as plaintiff invalidates the result of the disciplinary hearing. In order to pursue the claims plaintiff appears to be making, he must provide more information about the punishment imposed.

Thus, as submitted, plaintiff's complaint fails to state a claim upon which relief can be granted. The court will provide plaintiff the opportunity to cure the deficiencies identified in this order. Plaintiff is advised that Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state any claims upon which relief may be granted;
2. The Clerk's Office shall send plaintiff a civil rights complaint form;
3. Within **thirty (30) days** from the date of service of this order, plaintiff shall file an amended complaint; and

5

1    4.   If plaintiff fails to file an amended complaint in compliance with this order, the court will recommend that this action be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **June 9, 2006**          **/s/ Dennis L. Beck**
3b142a                            UNITED STATES MAGISTRATE JUDGE