1
2
3
4
5
6
# UNITED STATES DISTRICT COURT
7
### EASTERN DISTRICT OF CALIFORNIA
8
9  DESHA CARTER,                               CASE NO. 1:05-cv-01057-LJO-DLB (PC)

10                        Plaintiff,           FINDINGS AND RECOMMENDATIONS
                                              RECOMMENDING DEFENDANTS'
11           v.                                MOTION TO DISMISS BE GRANTED
                                              IN PART AND DENIED IN PART
12  S. BUTLER, et al.,
                                              (Doc. 24)
13                        Defendants.
                                   /
14

15  I.     Order

16         A.     Procedural History

17         Plaintiff, Desha Carter, ("plaintiff") is a state prisoner proceeding pro se and in forma

18  pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is based on

19  plaintiff's amended complaint, filed June 23, 2006, and is proceeding against defendants Butler,

20  Gonzales, Hayward, Botello, Fuhlrodt, and Rousseau ("defendants") for excessive force,

21  retaliation, and violation of due process.  On August 3, 2007, defendants filed a motion to

22  dismiss for: (1) failure to exhaust administrative remedies (as to the claims against Gonzales,

23  Hayward, and Botello for denial of two meals; approval of an allegedly false RVR by Fuhlrodt;

24  and Rousseau's failure to hold a proper disciplinary hearing); and (2) for failure to state a claim

25  against Fuhlrodt.  Fed. R. Civ. P. 12(b)(6).  The parties filed documents in opposition and reply.

26  The motion has been deemed submitted.  Local Rule 78-230(m).

27         B.     Legal Standard

28         "The focus of any Rule 12(b)(6) dismissal . . . is the complaint."  Schneider v. California

1    Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).  In considering a motion to dismiss for

2    failure to state a claim, the Court must accept as true the allegations of the complaint in question,

3    Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in

4    the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's

5    favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The federal

6    system is one of notice pleading.  Galbraith v. County of Santa Clara, 307 F.3d 1119, 1126

7    (2002).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

8    exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534

9    U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

10   short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

11   Civ. Pro. 8(a).  "Such a statement must simply give the defendant fair notice of what the

12   plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.

13         A court may dismiss a complaint only if it is clear that no relief could be granted under

14   any set of facts that could be proved consistent with the allegations.  Id. at 514.  Discovery and

15   summary judgment motions - not motions to dismiss - "define disputed facts" and "dispose of

16   unmeritorious claims."  Id. at 512.  "'The issue is not whether a plaintiff will ultimately prevail

17   but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear

18   on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'"

19   Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232,

20   236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

21   suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin,

22   262 F.3d 871, 977 (9th Cir. 2001))).  A motion to dismiss for failure to state a claim should not

23   be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the

24   claim that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)

25   (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log

26   Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

27         C.      Discussion

28         The events at issue in plaintiff's amended complaint occurred at Corcoran State Prison.

2

1    Plaintiff alleges that on January 13, 2004, Butler sprayed him with pepper spray, without

2    provocation, for approximately one minute; and that Butler then filed a false rules violation

3    report against him.  Plaintiff claims that Furlrodt approved the false report.

4    Plaintiff alleges that, on January 14, 2004, Gonzales and Hayward refused to feed him his

5    evening meal and on January 15, 2004, Hernandez (no longer a party to this action) and Botello

6    refused to feed him his morning meal.  Plaintiff alleges that Rousseau denied plaintiff a rules

7    violation hearing (denied him notice, witnesses, and falsified statements so as to make it appear

8    that a proper hearing was provided).  Plaintiff seeks monetary damages.

9    This court initially found that the allegations in plaintiff's amended complaint were

10   sufficient to give rise to a claim for relief under section 1983 for denial of access to the courts.

11   However, defendants now move for dismissal on the ground that plaintiff failed to exhaust

12   administrative remedies (as to his claims regarding denial of meals, approval of the false RVR,

13   failure to hold a proper disciplinary hearing) and that plaintiff cannot state a congnizable claim

14   against Fuhlrodt.

15   _____1.    Exhaustion of Administrative Remedies

16   Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with

17   respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

18   confined in any jail, prison, or other correctional facility until such administrative remedies as are

19   available are exhausted."  42 U.S.C. § 1997e(a).  The section 1997e(a) exhaustion requirement

20   applies to all prisoner suits relating to prison life.  Porter v. Nussle, 435 U.S. 516, 532 (2002).

21   "All 'available' remedies must now be exhausted; those remedies need not meet federal

22   standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (citing to

23   Booth v. Churner, 532 U.S. 731, 739 n.5 (2001)).  Prisoners must complete the prison's

24   administrative process, regardless of the relief sought by the prisoner and regardless of the relief

25   offered by the process, as long as the administrative process can provide some sort of relief on

26   the complaint stated.  Booth, 532 U.S. at 741.

27   The California Department of Corrections has an administrative grievance system for

28   prisoner complaints.  Cal. Code Regs., tit. 15 § 3084, et seq.  "Any inmate or parolee under the

department's jurisdiction may appeal any departmental decision, action, condition, or policy which they can reasonably demonstrate as having an adverse effect upon their welfare." Id. at 3084.1(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Cal. Code Regs. tit 15, § 3084.5.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).  In deciding a motion to dismiss for failure to exhaust administrative remedies, the court may look beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice.  Id.

a.      Defendant Rousseau

Defendants argue that plaintiff failed to exhaust his administrative remedies as to his claims against Rousseau for failing to submit his third formal/Director's level appeal within fifteen(15) working days of receiving an unacceptable lower level appeal decision.  Defendants allege that plaintiff was provided with his response to the second level review on September 8, 2004 and that plaintiff did not submit his appeal to the third formal/Director's level of review until October 12, 2004.  However, in his reply to defendants' reply, plaintiff submitted a copy of his third formal/Director's level appeal, which is dated as having been timely submitted on September 22, 2004.  Therefore, plaintiff exhausted his administrative remedies regarding his claims against Rousseau.

b.      Defendants Gonzales, Hayward, & Botello

Defendants argue that plaintiff's appeals against Gonzales, Hayward, and Botello for denial of his dinner on the 14th and breakfast on the 15th (since filed the day of and the day after

4

1   plaintiff filed his appeal as Butler's conduct on the 13th) were deemed excessive and rejected.

2       Plaintiff argues (and the exhibits submitted show) that he submitted appeals on these

3   meal incidents and that both were rejected for not allowing seven days to elapse from his appeal

4   as to Butler's conduct on the 13th.

5       Plaintiff argues that the appeals coordinator failed to provide him with instruction on how

6   to submit his grievance per 15§ 3084.3(d).  However, this statute provides for an appeals

7   coordinator to give instruction when a "rejection is based on improper documentation," not when

8   rejected for excessive filings.

9       Plaintiff next argues that he waited the two separate calendar weeks and resubmitted each

10  appeal, but that both were rejected.  However, neither party has submitted copies of these re-

11  submitted appeals, nor of their rejections.

12      Plaintiff generally alleges in his opposition, that prison personnel deliberately impeded

13  his efforts to exhaust his administrative remedies and that various of his appeals were lost or

14  otherwise intentionally tampered with.  It has been recognized that a remedy prison officials

15  prevent a prisoner from utilizing is not an available remedy.  Mitchell v. Horn, 318 F.3d 523, 529

16  (3d Cir. 2003); and Miller v. Norris, 247 F.3d 736, 740 (8th Cir. 2001).  However, plaintiff does

17  not argue that he was prevented from properly filing his appeals against Gonzales, Hayward, and

18  Bottello – rather he argues both were timely resubmitted and were thereafter rejected.  Yet,

19  plaintiff does not submit any evidence to support his assertion, nor does he explain his failure to

20  submit these appeals to the next level of review.

21      Plaintiff refers the court to see "In re Nimrod v. Knight" without providing the cite, or a

22  theory under which plaintiff believes that case is applicable to the issues in this motion.  The

23  court is unable to locate any such case.

24      Thus, based on the evidence before the court, plaintiff failed to exhaust his administrative

25  remedies regarding his claims against Gonzales, Hayward, & Botello.

26          c.    Defendant Fuhlrodt

27      Defendants argue that plaintiff failed to exhaust his administrative remedies as to his

28  claims against defendant Fuhlrodt indicating that either plaintiff failed to file an appeal, or it was

screened out. The parties have not submitted any evidence of plaintiff having filed an appeal regarding his claims against Fuhlrodt and plaintiff did not allege that he filed a subsequent appeal. Thus, based on the evidence before the court, plaintiff failed to exhaust his administrative remedies regarding his claims against Fuhlrodt.

            2.     Due Process

As stated in the court's screening order, a prison inmate has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. <u>Freeman v. Rideout</u> 808 F.2d 949, 951 (2nd Cir. 1986) <u>cert. denied</u> 485 U.S. 982 (1988). As long as an inmate is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under 42 U.S.C. § 1983. <u>Hanrahan v. Lane</u> 747 F.2d 1137, 1140-41 (7th Cir. 1984).

Plaintiff claims Fuhlrodt violated his due process rights by approving a false RVR charging plaintiff with assaulting prison staff. Plaintiff claims that, thereafter, Rousseau violated his due process rights when he failed to hold a hearing on the issue, fabricated information, and falsified documentation so as to appear as if a proper hearing had been conducted, which led to plaintiff being found guilty of battery on a peace officer and resulted in an additional eighteen (18) months in the SHU. Thus, as this court previously held, plaintiff stated a cognizable claim against Fuhlrodt. However, as discussed above, dismissal is required based on plaintiff's failure to exhaust his administrative remedies as to his claims against Fuhlrodt.

II.     Conclusion

The court finds that plaintiff appropriately exhausted his administrative remedies regarding his claims against Rousseau. The court further that plaintiff failed to exhaust his administrative remedies as to his claims against Gonzales, Hayward, and Bottello. The court further finds that plaintiff has stated a cognizable claim, but failed to exhaust his administrative remedies as to his claim(s) against Fuhlrodt.

Based on the foregoing, it is HEREBY RECOMMENDED that:

            1.     Defendants' motion to dismiss, filed August 3, 2007, be granted in part and

denied in part as follows:

   a.    Defendants' motion to dismiss for failure to exhaust administrative
         remedies as to plaintiff's claims against Rousseau be denied;

   b.    Defendants' motion to dismiss for failure to exhaust administrative
         remedies as to plaintiff's claims against Gonzales, Hayward, and Bottello
         be granted without prejudice;

   c.    Defendants' motion to dismiss for plaintiff's failure to state a cognizable
         claim against Fuhlrodt be denied; and

   d.    Defendants' motion to dismiss for failure to exhaust administrative
         remedies as to plaintiff's claims against Fuhlrodt be granted without
         prejudice.

      These Findings and Recommendations will be submitted to the United States District
Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
**twenty (20) days** after being served with these Findings and Recommendations, the parties may
file written objections with the court.  The document should be captioned "Objections to
Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file
objections within the specified time may waive the right to appeal the District Court's order.
Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

      IT IS SO ORDERED.

**Dated:**   **February 25, 2008**          **/s/ Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE

7