**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHA M. CARTER, | CASE NO. 1:05-cv-01057-LJO DLB PC |
| Plaintiff, | ORDER ON PLAINTIFF'S MOTION TO COMPEL |
| v. | (Doc. 35) |
| S. BUTLER, et al., | WITHIN THIRTY DAYS FROM THE DATE OF SERVICE OF THIS ORDER, DEFENDANTS BUTLER AND ROUSSEAU SHALL SERVE RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND INTERROGATORIES |
| Defendants. | |

**I.  Order**

    **A.  Procedural History**

Plaintiff Desha Carter ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on Plaintiff's amended complaint, filed June 23, 2006, against defendants Butler and Rousseau ("Defendants"). (Docs. 11, 29). On April 25, 2008, the Court issued a Discovery and Scheduling order, under which the deadline for the completion of all discovery, including filing motions to compel, was December 22, 2008. (Doc. 32.)

On November 26, 2008, Plaintiff timely filed a motion to compel the production of documents, and for responses to interrogatories. (Doc. 35). Defendants filed an opposition on December 11, 2008, and Plaintiff filed a reply on December 22, 2008. (Docs. 36, 37). This motion

1 is deemed submitted.  Local Rule 78-230.

### B. Motion to Compel

Plaintiff states that he served defendants' former counsel with his request for production of documents and interrogatory requests for defendants Butler and Rousseau on May 4, 2008.  Plaintiff states that he did not receive a timely response to his requests.  On August 20, 2008, defendants filed a notice of change in designation of counsel.  Plaintiff asserts that he resubmitted his discovery requests upon defendants' current counsel, who refused to comply with the request as untimely.[1] Plaintiff also complains about the mail service at the prison.

In opposition, Defendants state they have no record of being served with any written discovery requests prior to November 13, 2008.  Nor did Plaintiff inform Defendants that the discovery requests served November 13 were duplicative of any request earlier served. Defendants informed Plaintiff that they would not be responding because his requests were untimely. Defendants argue that it is implausible that Plaintiff would serve discovery requests in May 2008 and not object to a lack of response for six months.  Finally, Defendants argue that even if Plaintiff had served defendants with discovery in May 2008, he should not be permitted to compel responses after the deadline for filing written responses had passed.

In reply, Plaintiff states that he did not feel it necessary to inform Defendants that the discovery requests served in November were duplicative of the discovery purportedly served in May 2008. Plaintiff further states that he did not feel it necessary to file a motion to compel until Defendants refused in writing to provide the discovery requested.

### 1. Analysis

Neither party has provided the Court with copies of the discovery requests in dispute.  As the motion to compel does not turn on the substance of the discovery sought, the Court shall address the pending motion.

Pursuant to the Court's Scheduling and Discovery Order, all discovery requests must be

---

[1] Plaintiff does not indicate when he re-served defendants with his discovery requests. In opposition, Defendants state that service of "Plaintiff's Interrogatories for Defendant S. Butler (First Set)" was on November 13, 2008.

2

1 served forty-five days before the discovery deadline of December 22, 2008. Plaintiff states that he served his discovery requests on May 4, 2008 and then re-served them on November 13, 2008 when he did not receive a response from defendants.

Plaintiff has not filed a certificate of service for the discovery request purported served May 4, 2008 in support of his instant motion. However, Plaintiff attests under penalty of perjury that he gave to prison guards his "legal mail containing interrogatories and production of documents for defendant's [sic] Butler and Rousseau on May 4, 2008." (Doc. 35, Carter Decl.).

Although Defendants did not receive Plaintiff's discovery requests in May, Plaintiff's contention is not implausible. Plaintiff's purported second attempt to serve his discovery request was one week past the discovery deadline and there appears to be no prejudice in having defendants respond. Plaintiff's motion to compel was also timely filed.

Accordingly, within thirty days of service of this order, defendants Rousseau and Butler are to serve responses to Plaintiff's Interrogatories and Requests for Production of Documents, served November 13, 2008. The Court shall also provide Plaintiff with thirty (30) days from the date of service of defendants' responses to interrogatories to file a motion to compel if necessary, and thirty (30) days from the date of service of defendants' response to production of documents to file a motion to compel if necessary. Plaintiff is cautioned that any future motion to compel must be accompanied by all supporting documentation. The moving party must provide the court with a copy of the discovery request(s) served on the opposing party, accompanied by the proof of service, and a copy of the opposing party's written response. The moving party must state which specific discovery requests are the subject of the motion to compel.

**C.   Request for Extension of Discovery Deadline**

Plaintiff has requested that the Court additionally grant Plaintiff the opportunity to submit follow up questions to the responses received from Defendants.

Plaintiff moves pursuant to Rule 16(b) to amend the scheduling order. Federal Rule of Civil Procedure 16(b) provides that "[a] schedule shall not be modified except upon a showing of good cause . . . ." The inquiry focuses on the "reasonable diligence of the moving party." Noyes v. Kelly Services, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007). "The pretrial schedule may be modified if it

3

cannot reasonably be met despite the diligence of the party seeking the extension." <u>Zivkovic v. Southern California Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation and internal quotation marks omitted). "If the party seeking the modification was not diligent, the inquiry should end and the motion to modify should not be granted." <u>Id</u>.

The Court issued its Discovery and Scheduling Order on April 25, 2008. Pursuant to that order, the deadline for the completion of all discovery, including filing motions to compel, was December 22, 2008. Even assuming as true that Plaintiff served his initial discovery requests upon Defendants in May 2008 and Defendants did not respond, Plaintiff waited over six months to file the instant motion to compel. Plaintiff's argument that Defendants are aware of the Federal Rules of Civil Procedure and that he was waiting for Defendants' response is unpersuasive. Plaintiff has not demonstrated diligence in pursuing discovery. Accordingly, Plaintiff's motion to amend the scheduling order in order to propound additional discovery is DENIED.

### D. Conclusion

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30)** days of service of this order, Defendants Rousseau and Butler shall serve responses to Plaintiff's interrogatories and requests for production of documents which were served on defendants on November 13, 2008;

2. Plaintiff has **thirty (30) days** from the date of service of defendant's response to interrogatories to file a motion to compel if necessary, and **thirty (30) days** from the date of service of Defendants' responses to Plaintiff's production requests to file a motion to compel if necessary; and

3. Plaintiff's request for extension of the discovery deadline to propound additional discovery is denied, save for the limited exception detailed in paragraph #2 above.

IT IS SO ORDERED.

Dated:   **February 3, 2009**           /s/ **Dennis L. Beck**
                                                                    UNITED STATES MAGISTRATE JUDGE