# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHA M. CARTER,<br><br>          Plaintiff,<br><br>   v.<br><br>S. BUTLER, et al.,<br><br>          Defendants.<br>_____/ | CASE NO. 1:05-cv-01057-LJO DLB PC<br><br>ORDER RE PLAINTIFF'S MOTION TO COMPEL<br><br>(Doc. 41) |

**I.    Procedural History**

Plaintiff Desha Carter ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding on Plaintiff's amended complaint, filed June 23, 2006, against defendant Butler for use of excessive force in violation of the Eighth Amendment, and defendant Rousseau for violation of due process ("Defendants"). (Docs. 11, 29.)  The events at issue allegedly occurred at California State Prison - Corcoran in early 2004.

Now pending before the Court is Plaintiff's motion to compel the production of documents, filed March 25, 2009.  (Doc. 41.)  After obtaining an extension of time, Defendants filed an opposition on April 28, 2009.  (Doc. 47.)  Plaintiff did not file a reply.  The motion is deemed submitted.

///

1

## II.  Motion to Compel Production of Documents

Attached to Plaintiff's motion is Defendants' responses to Plaintiff's Request for Production fo Documents.  Because Plaintiff has not specifically identified the responses to which he objects, the Court presumes that Plaintiff objects to all responses filed.  Plaintiff contends that Defendants have asserted objections or have stated that they do not have any responsive documents in their possession, custody or control.  Plaintiff argues that Defendants are attempting to restrict, refuse and suppress discovery, thus making his request for discovery "a mockery".

### a.  Requests B and F.

Since the filing of the motion to compel, Defendants have served and filed supplemental responses to Plaintiff's Requests B and F.  Defendants state the motion to compel should be denied because they have provided the documents responsive to Plaintiff's request and there are no further documents to compel.  Plaintiff has not filed a reply contradicting or disputing Defendants' position.  Accordingly, the Court deems the matter resolved.  Plaintiff's motion to compel the production of documents is DISREGARDED as moot.

### b.  Request A.

**Request:** Any and all; 602 appeals forms, citizens complaint forms, misconduct reports (minor and or major and staff complaints filed against each defendant. Also, to receive dispositions to inmate appeals rendered by CDCR from informal to third level responses along with all documents of crucial reports received by defendant's or their agents at CSP-Cor concerning mistreatment of prisoners, reprisals, discrimination, falsifying of documents, flagrant disregard of the CCR 15 manual and the law in general. From the dates of October 2003 through October 2008.

Defendants object on the grounds that the request is vague, ambiguous, overly broad, unduly burdensome, calls for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and calls for documents that are protected by privacy rights. Without waiving objections, Defendants also assert that they do not have possession, custody or control of the documents responsive to Plaintiff's request.

Plaintiff does not explain why he believes that Defendants' objections are without merit. The Court finds that the request as phrased is overly broad, unduly burdensome and vague. It is unclear whether Plaintiff seeks all grievances filed against the defendants, or any grievance filed by any prisoner concerning mistreatment, reprisals, discrimination, falsifying or documents, or disregard

for CCR 15 and the law.  Notwithstanding the vagueness of the request as worded, Plaintiff seeks documents for a five year span, including approximately four years after the events at issue allegedly occurred.  Such a request is overly broad and unduly burdensome.

Furthermore, Defendants state that they do not have possession, custody or control of the documents responsive to Plaintiff's request.  The Court cannot order the parties to produce documents that are not in their possession, custody or control.  For these reasons, Plaintiff's motion to compel is denied.

**c.   Request G**.

**Request:** A copy of the operational procedure manual and department operations manual in their entirety - since they're not distributed like Title 15.

Defendants object on the grounds that the request is vague and ambiguous, overly broad, unduly burdensome, and calls for documents that are neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  The Court agrees.  Plaintiff has not attempted to explain how a request for two entire manuals is anything but overly broad, and/or how the manuals in their entirety are relevant to the claims or defenses raised, or reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff's request is denied as vague, over broad, irrelevant, and unduly burdensome.

**d.   Requests C, D, E and H.**

**Request C:** Any and all policies, directives, or instructions to staff describing the 'preponderance' of evidence standard.

**Request D:** Any and all policies, directives, or instructions to staff regarding staff's failure to comply with appeal time constraints and guidelines described in CCR 15 3084.6(b) (1)(2)(3)(4);  (inmate penalties are explained in the CCR 15, but nothing outlines the penalties for staff violating these policies.

**Request E:** Any and all policies, directives, or instructions to staff regarding staff's falsification of RVR's (rule violation reports), RVR hearings, investigation reports and appeal dispositions.

**Request H:** Any and all policies, directives or instructions to staff regarding inmate appeals being disposed of by staff; or lost and or delayed via institutional mail system.

Defendants have objected to each of Plaintiff's requests on the grounds that they are ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

1  Defendants also state that, without waiving objections, they do not have possession, custody or
2  control of documents responsive to Plaintiff's requests.
3  　　　As previously explained, the Court cannot order parties to produce documents that are not
4  in their possession, custody or control.  Plaintiff's motion to compel the production of documents
5  is denied.
6  **III.**　　**Conclusion**
7  　　　Based on the foregoing, Plaintiff's motion to compel production of documents, Requests B
8  and F, are disregarded as moot.  Requests A, C, D, E, G and H are denied.
9  　　　IT IS SO ORDERED.
10 　　　**Dated:**　　**June 11, 2009**　　　　　　　**/s/ Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE